UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN CONTRERAS HERNANDEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, Secretary Department of Homeland Security, et al.,<br><br>　　　　Respondents. | Case No. 5:25-cv-03453-SSS-BFM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Efren Contreras Hernandez's Petition for Writ of Habeas Corpus, filed December 19, 2025. (ECF 1, ECF 3-1.) Respondents filed an Answer to the Petition on January 6, 2026. (ECF 8.) The time has not yet expired for Petitioner to file his reply, but based on Respondent's pleading, the Court does not require any additional briefing to adjudicate the Petition. For the following reasons, the Court grants the Petition.

Petitioner is a Mexican foreign national who has been in immigration detention since September 9, 2025. (ECF 3-1 ¶ 11.) Petitioner is currently

detained at the Imperial Regional Detention Facility in Calexico, California,[1] is in removal proceedings, and was denied the opportunity to have a bond hearing and be released on bond. (ECF 3-1 ¶¶ 2, 11.)

On December 22, 2025, Petitioner filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention, or alternatively, a bond hearing under 8 U.S.C. § 1226(a) within seven days. (ECF 3-1 at 26-27.) Petitioner alleges that his continued detention violates the Immigration and Nationality Act. (ECF 1 ¶¶ 59-62.)

Respondents filed their Response on January 6, 2026, conceding that Petitioner appears to be a member of the Bond Eligible Class certified by this Court in *Maldonado Bautista* and that Petitioner's claims regarding

---

[1] The Court notes that Petitioner is currently detained in the Imperial Regional Detention Facility—a facility located in Calexico, California, which is Imperial County. (ECF 8-1.) Imperial County falls in the Southern District of California. 28 U.S.C. § 84(d). Respondents note the issue, but do not request that the Petition be transferred or otherwise challenge venue. (ECF 8.) The failure to challenge venue for a § 2241 petition results in a forfeiture of the issue. *See Smith v. Idaho*, 392 F.3d 350, 355-56 n.4, n.6 (9th Cir. 2004) (agreeing with sister courts that respondents may waive shortcomings in venue, jurisdiction, or naming of the proper respondent; highlighting the importance of prompt resolution of prisoners' claims and avoidance of waste of judicial resources in resolving habeas petitions); *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("Defendants are entitled to waive any shortcomings in venue or jurisdiction over the person; these issues also may be forfeited by failure to present them at the proper time."); *Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring) ("Because the [habeas] immediate-custodian and territorial-jurisdiction rules are like personal-jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government."). Respondent's failure to challenge venue or request transfer of the Petition—paired with its concession that Petitioner is entitled to relief—lead the Court to conclude that a transfer of venue would not be in the interests of justice, which the Court finds to require a prompt bond hearing, and thus adjudicates the Petition regardless of any potential venue question that could have been raised.

entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. (ECF 8 at 2.)

The troubling circumstances surrounding the refusal by executive agencies to provide those in the Bond Eligible Class with bond hearings are familiar to this Court. Indeed, this Court has already found DHS's policy of denying bond hearings to individuals like Petitioner contrary to the INA. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at *8-*22 (C.D. Cal. Dec. 18, 2025); *see also Huerta Estrada et al. v. Noem et al.*, No. 5:25-CV-03271-SSS-BFM, 2025 WL 3691473, at *3–4 (C.D. Cal. Dec. 10, 2025) (granting petitioner's TRO based upon DHS withholding protections that petitioners "would have otherwise been afforded under § 1226(a)."); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue).

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court **grants** the petition for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-*22.

Accordingly, it is ORDERED THAT:

(1) The Petition for a Writ of Habeas Corpus (ECF 3-1) is granted as to Petitioner's First Claim for Relief regarding violation of 8 U.S.C. § 1226(a); and

(2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

DATED:   January 16, 2026

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE